# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMME M. SAFFA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 03-CV-869-SAJ |
| ) | |
| OKLAHOMA ONCOLOGY, INC., ) | |
| ) | |
| Defendant(s). ) | |

## OPINION AND ORDER

The Court heard oral argument on the pending motion for summary judgment. The Court has considered the arguments on Defendant's motion for summary judgment and **denies** the motion. [Docket No. 61-1].

Defendant has moved for summary judgment asserting Defendant is entitled to summary judgment because the alleged conduct was not objectively or subjectively severe or pervasive and because Plaintiff suffered no tangible employment action. Defendant additionally asserts that Defendant is entitled to summary judgment on Plaintiff's sexual harassment claim under a "negligence" theory and on Plaintiff's Title VII retaliation claim.

Defendant initially asserts that the conduct about which Plaintiff complains is not severe or pervasive and was not necessarily because of Plaintiff's gender. Defendant references seven remarks over a three and one-half month time frame. However, Plaintiff notes that many of the remarks were repeated on more than one occasion, and that the incidences number between 10 and 30. *See* Plaintiff's Brief [Docket No. 76-1] at 10 (referencing nine specific incidences, one of which occurred on "multiple occasions," one of which occurred on three different occasions, and a general reference to "other occasions

but less than ten times"). Plaintiff therefore complains of 10 to 30 incidences over a three and one-half month time span. The Court concludes that Plaintiff's references are sufficient to survive summary judgment.

Defendant additionally asserts that non-gender comments are not actionable. However, numerous comments made by Dr. Lynch were gender specific and the analysis made by the Courts is to evaluate the comments made as a whole. *See, e.g., Meritor Savings Bank v. Vinson*, 477 U.S. 57, 69 (1986); *Penry v. Federal Home Loan Bank of Topeka*, 155 f.3d 1257 (10th Cir. 1998).

Defendant additionally contends that Plaintiff suffered no tangible employment action as a result of the alleged harassment. Defendant claims that once Plaintiff informed Defendant about the harassment, the harassment ceased and Plaintiff suffered no adverse action. Plaintiff disputes Defendant's contention. Plaintiff claims that after she complained about the harassment, Plaintiff's tardiness began to be documented by Defendant, Plaintiff was subjected to numerous "counseling" sessions, and Defendant's purpose in making the record was to enable Defendant to terminate Plaintiff. Defendant disputes this characterization, asserting that other reasons justified the documentation, including that Plaintiff was more frequently late during this time frame, and that the amount of time by which Plaintiff was late increased (due to dropping her child off later). However, the existence of these disputed facts and the inferences that can be drawn from them preclude summary judgment. Defendant may be correct with respect to the reasons given by Defendant for the documentation of Plaintiff's tardiness. However, a reasonable jury could also conclude that after Plaintiff chose to complain about the sexual harassment, Defendant began documenting Plaintiff's tardiness for the purpose articulated by Plaintiff.

The parties also substantially differ with respect to when Plaintiff first reported her sexual harassment. Defendant maintains that the earliest date that Plaintiff told Defendant that she was uncomfortable about the comments made by Dr. Lynch was November 22, 2002. Plaintiff, however, asserts that she initially complained to Defendant about Dr. Lynch's conduct in July 2002. The parties obviously dispute this material fact.[1/]

Defendant asserts that Defendant is entitled to summary judgment based on the Ellerth/Faragher affirmative defense. Defendant argues that it took reasonable care to prevent sexual harassment, and that Plaintiff failed to avail herself of the measures which were in place. Plaintiff maintains that Plaintiff was not provided with the sexual harassment policy, that when Plaintiff reported to Pam Williams that Dr. Lynch had asked her for a kiss that Williams did not take her statement seriously and did not believe her; and that when Defendant investigated her claims they did not speak to the individuals at the hospital where the incidences occurred. The Court concludes that too many material fact issues remain disputed to permit summary judgment on this issue for Defendant. Plaintiff stated, at oral argument, that Plaintiff will not object to Defendant presenting a defense based upon Ellerth/Faragher, or to a jury instruction based on this defense.

---

[1/] Defendant suggests that Plaintiff's current assertion is inadmissible because it is not consistent with Plaintiff's prior sworn testimony. Defendant references the doctrine of "judicial estoppel" but Defendant has no case citations or other legal authority to support Defendant's argument. Generally, judicial estoppel is a principle which prohibits a litigant from asserting a legal or factual position that is inconsistent with a position previously taken. Based on what has been provided by the parties, the Court cannot, at this stage, make a determination that any particular testimony is not permissible. *See also In re Osborn*, 24 F.3d 1199, 1208 (10th Cir. 1994) (In a federal question case, we rejected the doctrine of judicial estoppel. *See United States v. 49.01 Acres of Land*, 802 F.2d 387, 390 (10th Cir.1986). *See also Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1520 n. 10 (10th Cir.1991). However, where state law substantively controls, as here, we have applied the law of the state in question. *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.,* 874 F.2d 1346, 1363 (10th Cir.1989); *see also Ellis v. Arkansas Louisiana Gas Co.*, 609 F.2d 436, 440-41 (10th Cir.1979) (in diversity case, Oklahoma principles of judicial estoppel were followed in holding that judicial estoppel did not apply), *cert. denied,* 445 U.S. 964, 100 S. Ct. 1653, 64 L. Ed. 2d 239 (1980).").

Defendant additionally asserts that it is entitled to summary judgment on Plaintiff's sexual harassment claim under a "negligence" theory.[2/] Defendant asserts that Defendant did not have actual or constructive knowledge of a hostile work environment until November 22, 2002. Plaintiff maintains that beginning in July 2002, Defendant had actual knowledge of the harassment but did not take action to remedy it. The Court concludes that sufficient factual disputes exist to preclude summary judgment as to whether or not Defendant Oklahoma Oncology, Inc. had actual knowledge of the harassment.

Defendant claims that summary judgment should be entered for Defendant on Plaintiff's retaliation claim. Plaintiff asserts that after being informed of her complaints, Dr. Lynch and Defendant began "papering" her file, counseling her, and ultimately terminating Plaintiff. As discussed above, the parties dispute material facts related to this issue and summary judgment is precluded.

Defendant's motion for summary judgment is denied.

Dated this 26th day of October 2005.

Sam A. Joyner
United States Magistrate Judge

---

[2/] Defendant requests summary judgment on the "negligence" theory. Plaintiff has not asserted a "negligent tort" claim. Plaintiff claims that Defendant knew or reasonably should have known of Dr. Lynch's behavior. Defendant asserts that Plaintiff must establish that Defendant had actual or constructive knowledge of the hostile work environment. Defendant cites to *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 577 (10th Cir. 1990) ("knew, or in the exercise of reasonable care should have known. . . ").